Darryl S. Laddin (DL-5130)
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Facsimile: (404) 873-8121
Email: darryl.laddin@agg.com
*Attorneys for American Express Company and*
*American Express Travel Related Services Company, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Acorda Therapeutics, Inc., *et al*, | : | Case No. 24-22284 (DSJ) |
| | : | |
| Liquidating Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| Alexendre Zyngier, Liquidation Trustee of the Acorda Therapeutics Liquidation Trust, | : : : | |
| Plaintiff, | : | Adv. Pro. No. 24-22284 (DSJ) |
| v. | : : : | |
| American Express Company and American Express Travel Related Company, Inc., | : : : | |
| Defendants. | : | |

-------------------------------------------------------------------- x

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO
AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendants American Express Company ("AEC") and American Express Travel Related

Services Company, Inc.[1] ("AETRS;" and together with AEC, "American Express") submit this

---

[1] American Express assumes that the omission of "Services" in the Defendant AETRS' name was a typographical error, and hereby answers on behalf of American Express Travel Related Services Company, Inc.

Answer and Affirmative Defenses in response to Plaintiff's *Complaint To Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and To Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") in the above-captioned adversary proceeding.

## ANSWER

American Express answers the individually numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1.     In response to paragraph 1 of the Complaint, American Express states that the Complaint speaks for itself, American Express denies any allegation set forth in paragraph 1 that is inconsistent therewith, and American Express denies that the Plaintiff is entitled to any of the relief described in paragraph 1 or sought in the Complaint.

2.     In response to paragraph 2 of the Complaint, American Express states that the Complaint speaks for itself, American Express denies any allegation set forth in paragraph 2 that is inconsistent therewith, and American Express denies that Plaintiff is entitled to any of the relief described in paragraph 2 or sought in the Complaint.

## JURISDICTION AND VENUE

3.     American Express admits the allegations set forth in paragraph 3 of the Complaint.

4.     American Express admits the allegations set forth in paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint appears to contain no allegation of fact to which a response by American Express is required.  To the extent a response is required, AETRS consents to the entry of a final order by the Court.

6.     American Express admits the allegations set forth in paragraph 6 of the Complaint.

2

**BASIS FOR RELIEF REQUESTED**

7.    In response to paragraph 7 of the Complaint, American Express states that the Complaint speaks for itself, American Express denies any allegation set forth in paragraph 7 that is inconsistent therewith, and American Express denies that Plaintiff is entitled to any of the relief described in paragraph 7 or sought in the Complaint.

**PROCEDURAL BACKGROUND**

8.    In response to paragraph 8 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 8 that is inconsistent therewith.

9.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in  paragraph 9 of the Complaint.

10.    In response to paragraph 10 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 10 that is inconsistent therewith.

11.    In response to paragraph 11 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 11 that is inconsistent therewith.

12.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in  paragraph 12 of the Complaint.

13.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in  paragraph 13 of the Complaint.

14.    In response to paragraph 14 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any

allegation set forth in paragraph 14 that is inconsistent therewith.

15. In response to paragraph 15 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 15 that is inconsistent therewith.

16. In response to paragraph 16 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 16 that is inconsistent therewith.

**PARTIES**

17. In response to paragraph 17 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 17 that is inconsistent therewith.

18. In response to paragraph 18 of the complaint, American Express admits that American Express' principal place of business is located at 200 Vesey Street, New York, NY 10285, American Express resides in and is subject to the laws of the State of New York and AETRS is a multinational financial services firm that specializes in payment cards. American Express denies the allegations contained in the first sentence of paragraph 18 of the Complaint as they relate to AEC and further denies that AEC is a multinational financial services firm that specializes in payment cards.

19. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

**FACTUAL BACKGROUND**

20. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth in paragraph 21 that is inconsistent therewith.

22. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in  paragraph 22 of the Complaint.

23. American Express denies the allegations set forth in  paragraph 23 of the Complaint as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

24. In response to paragraph 24 of the Complaint, American Express admits that there is an Exhibit A attached to the Complaint. American Express denies the remaining allegations set forth in paragraph 24 as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

25. In response to paragraph 25 of the Complaint, American Express denies that Plaintiff is entitled to any of the relief described in paragraph 25 or sought in the Complaint.

26. In response to paragraph 26 of the Complaint, American Express admits that there is an Exhibit A attached to the Complaint. American Express denies the remaining allegations set forth in paragraph 26 as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint. American Express' investigation into certain of the facts alleged in the

Complaint is ongoing as of the filing of this Answer.

27. American Express admits the allegations set forth in paragraph 27 of the Complaint. American Express further states that upon receipt of the Demand Letter, counsel for American Express sent multiple email correspondences to the Trustee's counsel requesting information for American Express to research the matter. Despite multiple inquiries, the Trustee's counsel never responded and, instead, filed this Complaint.

28. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint appears to contain no allegation of fact to which a response by American Express is required. To the extent a response is required, American Express denies that Plaintiff is entitled to any of the relief described in paragraph 29 or sought in the Complaint.

30. In response to paragraph 30 of the Complaint, American Express states that the allegations set forth in paragraph 30 of the Complaint constitute a purported reservation of rights by the Plaintiff, to which no response by American Express is required. To the extent that a response is required, American Express denies the allegations set forth in paragraph 30 of the Complaint, and denies that Plaintiff is entitled to the reservation of rights asserted therein.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

31. American Express incorporates and repeats its responses to paragraphs 1 through 30 above as though set forth fully herein.

32. In response to paragraph 32 of the Complaint, American Express denies the allegations as they relate to AEC. American Express lacks knowledge or information at this time

6

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

33. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, American Express denies the allegations as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

35. In response to paragraph 35 of the Complaint, American Express denies the allegations as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

36. In response to paragraph 36 of the Complaint, American Express denies the allegations as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

37. American Express admits there is a presumption of insolvency during the 90 days immediately preceding a bankruptcy filing pursuant to § 547(f) of the Bankruptcy Code. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of

the allegations set forth in paragraph 37 of the Complaint.

38. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

39. In response to first sentence of paragraph 39 of the Complaint, American Express denies the allegations as they relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in first sentence of paragraph 39 of the Complaint as they relate to AETRS. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer. In response to the second sentence of paragraph 39 of the Complaint, American Express states that the record of the Court in the related Ch. 11 case speaks for itself, and American Express denies any allegation set forth sentence of paragraph 39 of the Complaint that is inconsistent therewith.

40. American Express denies the allegations set forth in paragraph 40 of the Complaint.

<u>**Second Claim for Relief**</u>
**(Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B))**

41. American Express incorporates and repeats its responses to paragraphs 1 through 40 above as though set forth fully herein.

42. Paragraph 42 of the Complaint appears to contain no allegation of fact to which a response by American Express is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. American Express denies the allegations set forth in paragraph 43 of the Complaint.

8

## Third Claim for Relief
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

44. American Express incorporates and repeats its responses to paragraphs 1 through 43 above as though set forth fully herein.

45. American Express denies the allegations set forth in paragraph 45 of the Complaint.

46. American Express denies the allegations set forth in paragraph 46 of the Complaint as the relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

47. American Express denies the allegations set forth in paragraph 47 of the Complaint.

## Fourth Claim for Relief
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

48. American Express incorporates and repeats its responses to paragraphs 1 through 47 above as though set forth fully herein.

49. American Express denies the allegations set forth in paragraph 49 of the Complaint as the relate to AEC. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49 of the Complaint. American Express' investigation into certain of the facts alleged in the Complaint is ongoing as of the filing of this Answer.

50. In response to paragraph 50 of the Complaint, American Express denies that it has any liability for the alleged Transfers, and therefore admits that it has not paid the amount of the Transfers or turned over such property.

51. American Express denies the allegations set forth in paragraph 51 of the Complaint.

52.     American Express denies the allegations set forth in paragraph 52 of the Complaint.

## AFFIRMATIVE DEFENSES

American Express asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery against American Express under 11 U.S.C. §§ 547, 548 or 550, and by this failure has failed to state a claim against American Express upon which relief may be granted.

### Second Affirmative Defense

Plaintiff may have failed to sue or serve process upon a correct legal entity or entities that did business with, or that received or benefited from the alleged transfers by, the Debtors in the related Chapter 11 case.

### Third Affirmative Defense

To the extent the Debtors transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were intended by the Debtors and such transferee to be contemporaneous exchanges for new value given to the Debtors, and the transfers were, in fact, substantially contemporaneous exchanges.  11 U.S.C. § 547(c)(1).

### Fourth Affirmative Defense

To the extent that the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were in payment of a debt incurred by that Debtors in the ordinary course of business or financial affairs of the Debtors and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtors and such transferee or (ii) made according to ordinary business terms.  11 U.S.C. § 547(c)(2).

### Fifth Affirmative Defense

To the extent that the Debtors transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were made for new value given to or for the benefit of the Debtors, not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of such transferee.  11 U.S.C. § 547(c)(4).

### Sixth Affirmative Defense

To the extent an alleged transferee received the alleged transfers, the transfers were not made while the Debtors were insolvent.

### Seventh Affirmative Defense

To the extent the alleged transfers are avoidable, and an alleged transferee was an immediate or mediate transferee, such transferee took for value, in good faith, and without knowledge of the voidability of the transfers avoided and therefore, pursuant to 11 U.S.C. § 550(b)(1), the Plaintiff cannot recover from the alleged transferee.

### Eighth Affirmative Defense

An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to such transferee by the Debtors for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

### Ninth Affirmative Defense

Any claim by Plaintiff for recovery of any transfers is time-barred to the extent that the applicable statute of limitation, including, without limitation 11 U.S.C. § 546, passed by the time of filing of the Complaint.

## Tenth Affirmative Defense

American Express denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from American Express.

## Eleventh Affirmative Defense

American Express reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, American Express respectfully requests that the Court enter an Order dismissing the Complaint against American Express, including each and every claim against American Express set forth therein, with prejudice, and denying any of the relief sought in the Complaint from American Express, or that judgment be rendered in favor of American Express and against Plaintiff with respect to all matters before this Court, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

Dated: June 4, 2026

**ARNALL GOLDEN GREGORY LLP**

By: */s/ Darryl S. Laddin*
Darryl S. Laddin
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Email: darryl.laddin@agg.com

*Attorneys for American Express Company and American Express Travel Related Services Company, Inc.*

Darryl S. Laddin (DL-5130)
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Facsimile: (404) 873-8121
Email:  darryl.laddin@agg.com
*Attorneys for American Express Company and*
*American Express Travel Related Services Company, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Acorda Therapeutics, Inc., *et al*, | : | Case No. 24-22284 (DSJ) |
| | : | |
| Liquidating Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| Alexendre Zyngier, Liquidation Trustee of the Acorda Therapeutics Liquidation Trust, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-22284 (DSJ) |
| | : | |
| v. | : | |
| | : | |
| American Express Company and American Express Travel Related Company, Inc., | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------- x

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 4, 2026, I electronically filed a copy of **DEFENDANTS'**

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND**

**RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO**

**DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** with the Clerk of Court using the

Court's CM/ECF system, which will automatically send email notification of such filing to all Counsel of record.

This 4th day of June, 2026.

**ARNALL GOLDEN GREGORY LLP**

/s/ *Darryl S. Laddin*
Darryl S. Laddin

*Attorneys for American Express Company and American Express Travel Related Services Company, Inc.*